# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4525

ISAAC JOHNSON,

*Applicant,*

*v.*

BRADLEY J. ROBERT, Warden,
Centralia Correctional Center,

*Respondent.*

Application for Permission to Initiate
a Second or Successive Collateral Attack

SUBMITTED DECEMBER 9, 2005—DECIDED DECEMBER 15, 2005

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

PER CURIAM. Isaac Johnson seeks permission to initiate another collateral attack on his conviction and 80-year sentence for murder. See 28 U.S.C. §2244(b)(3). Although his application is not entirely clear, he relies in substantial part on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and implies that he would invoke *Blakely v. Washington*, 542 U.S. 296 (2004), which elaborates on how *Apprendi* applies to sentencing in state prosecutions. *Apprendi* was decided several years ago, and *Blakely* was issued on June 24, 2004. Johnson's application under §2244(b)(3) was not filed until December 7, 2005, more than a year later.

Because 28 U.S.C. §2244(d)(1) establishes a one-year period of limitations, Johnson's application is too late. The year usually runs from the date on which the conviction became final, which for Johnson was long before the Supreme Court decided *Apprendi*. A proviso in §2244(d)(1)(C) restarts the clock on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". Whether we use *Apprendi* or *Blakely* as the benchmark, "the date on which the constitutional right asserted was initially recognized by the Supreme Court" is more than a year before Johnson filed this application. The Supreme Court held in *Dodd v. United States*, 125 S. Ct. 2478 (2005), that a provision in 28 U.S.C. §2255 materially identical to §2244(d)(1)(C) runs from the date the right was initially recognized, even if the Court does not declare that right to be retroactive until later. *Dodd* is equally applicable to §2244(d)(1)(C), so there is no point in authorizing Johnson to file another collateral attack. Because he waited too long, it is unnecessary to decide whether his claim would be a substantial one on the merits.

Johnson adverts to a number of other potential contentions, such as the possibility that his trial lawyer furnished ineffective assistance, but these likewise would be untimely. Johnson should have pursued them in his initial federal collateral attack.

The application is denied.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*