**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-284**

———————

In re:  TADD ERROL VASSELL, a/k/a Todd Errol Vassell, a/k/a
Chris Daley, a/k/a Michael Derwitt, a/k/a Andre Nunes,
a/k/a Corey Ryant, a/k/a Eric Scott,

Movant.

———————

On Motion for Authorization to File Successive § 2255 Motion in
the United States District Court for the Eastern District of
Virginia, at Norfolk.  Rebecca Beach Smith, Chief District
Judge.  (2:93-cr-00081-5)

———————

Argued:  March 19, 2014                Decided:  May 6, 2014

———————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Motion denied by published opinion.  Judge Niemeyer wrote the
opinion, in which Judge Agee and Senior Judge Hamilton joined.

———————

**ARGUED**:  Bryan Scott Gowdy, CREED & GOWDY, PA, Jacksonville,
Florida, for Movant.  Richard Daniel Cooke, OFFICE OF THE UNITED
STATES ATTORNEY, Richmond, Virginia, for Respondent.  **ON BRIEF**:
Dana J. Boente, Acting United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Respondent.

———————

NIEMEYER, Circuit Judge:

Tadd Vassell was convicted in 1997 of conspiracy to traffic in controlled substances and sentenced to a mandatory term of life imprisonment without parole. His participation in the conspiracy began when he was 17 years old and continued until after he had turned 18. Following his conviction, Vassell filed several motions under 28 U.S.C. § 2255 to challenge his sentence, and all were dismissed or denied.

On June 25, 2012, the United States Supreme Court decided Miller v. Alabama, 132 S. Ct. 2455 (2012), holding that a mandatory life-without-parole sentence imposed on a juvenile homicide offender violates the Eighth Amendment. Within one year of that decision, on June 24, 2013, Vassell filed this motion under § 2255(h), seeking authorization to file a successive § 2255 motion that claims reliance on Miller as "a new rule of constitutional law." 28 U.S.C. § 2255(h)(2).

We deny Vassell's motion for authorization. Even assuming that Vassell qualifies as a juvenile offender, his proposed § 2255 motion would necessarily rely on a right that became available to him in 2010 with the Supreme Court's decision in Graham v. Florida, 560 U.S. 48 (2010), which held that sentencing a juvenile who did not commit a homicide to life imprisonment without parole violates the Eighth Amendment, and not on Miller, which extended the Graham rule to prohibit

2

mandatory life-without-parole sentences for juveniles convicted of committing homicide. And because Graham was decided more than one year before Vassell filed this § 2255(h) motion, the successive § 2255 motion he seeks leave to file would be barred by the applicable 1-year statute of limitations in 28 U.S.C. § 2255(f)(3). We therefore decline to authorize its filing.

I

Vassell's 1997 conspiracy conviction was based on his participation in a drug-trafficking conspiracy that began in December 1990 and continued until August 1992. As Vassell was born in August 1973, he was 17 for the first eight months of the conspiracy, and 18 thereafter. Based on drug amounts distributed by members of the conspiracy both before and after Vassell turned 18, as well as on certain enhancements that applied under the Sentencing Guidelines, the district court was required by the Guidelines to impose a life sentence without parole. That sentence was imposed before the Supreme Court, in United States v. Booker, 543 U.S. 220 (2005), made Guidelines sentencing discretionary. We affirmed Vassell's sentence on appeal, United States v. Vassell, No. 97-4407, 1998 WL 637419, at *4 (4th Cir. Sept. 11, 1998) (per curiam), and the Supreme Court denied Vassell's petition for a writ of certiorari, Vassell v. United States, 525 U.S. 1113 (1999).

3

About one year later, Vassell filed his first § 2255 motion, arguing in part that his defense counsel was ineffective for failing to seek a downward departure based on his age. The district court denied the motion, and we dismissed his appeal. See United States v. Vassell, 22 F. App'x 193 (4th Cir. 2001) (per curiam). Thereafter, Vassell filed three pro se motions for leave to file a successive § 2255 motion, each of which we dismissed or denied.

Based on the Supreme Court's 2012 decision in Miller, which, Vassell argues, made available a new rule of constitutional law applicable to him, Vassell filed the current motion under § 2255(h) seeking authorization to file a successive § 2255 motion in the district court. He attached a copy of his proposed § 2255 motion as an exhibit. His motion was filed within one year of when Miller was decided.

II

While a federal inmate may file one § 2255 motion to "vacate, set aside or correct [his] sentence" after his judgment of conviction has become final, 28 U.S.C. § 2255(a), he must obtain authorization from "a panel of the appropriate court of appeals" before presenting "[a] second or successive motion," id. § 2255(h); see also Rules Governing Section 2255 Proceedings, Rule 9. And § 2255(h) provides that "[a] second or

4

successive motion must be certified <u>as provided in section 2244</u> . . . to contain" either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (not applicable here) "newly discovered evidence" bearing on the defendant's actual innocence. 28 U.S.C. § 2255(h) (emphasis added). Section 2255(h) thus incorporates the prefiling authorization procedure established in § 2244 for state prisoners' second or successive habeas corpus applications. Under this procedure, "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]" -- namely, as relevant here, that the application presents a claim that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Id.</u> § 2244(b)(3)(C), (b)(2)(A).

Vassell contends that his § 2255(h) motion satisfies these requirements in that he has made a prima facie showing that (1) <u>Miller</u> recognized a qualifying new rule of constitutional law and (2) the claim he sets forth in his proposed § 2255 motion relies on <u>Miller</u>, thus satisfying the new rule criterion in 28 U.S.C. § 2244(b)(2)(A), (b)(3)(C) and warranting "a fuller exploration" by the district court. He bases his argument on

5

the breadth of Miller's holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S. Ct. at 2460.

The government concedes that Miller established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(2), 2244(b)(2)(A). But it argues that Miller's new rule does not apply to Vassell for two reasons. First, it asserts that because Vassell continued in the conspiracy past his 18th birthday, he does not qualify as a juvenile offender who can benefit from Miller. Second, it argues that even if Vassell does qualify as a juvenile offender, Miller only recognized a new rule for juvenile homicide offenders. Because Vassell is serving a life-without-parole sentence for a nonhomicide crime, his claim -- that he is entitled to resentencing based on his age when he committed the offense -- became available with the Supreme Court's 2010 decision in Graham, which held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." Graham, 560 U.S. at 82. Because the Graham rule first became available to Vassell in 2010, the government argues, his proposed § 2255 motion would be time-barred by the 1-year limitation period in §

6

2255(f)(3), which runs from "the date on which the right asserted was initially recognized by the Supreme Court."

The question of whether Vassell's proposed § 2255 motion would be time-barred thus depends in the first instance on when the Supreme Court "initially recognized" the right Vassell seeks leave to assert -- if in Graham, the motion would be beyond the 1-year period of limitation; if in Miller, it would be timely.

The Supreme Court's Eighth Amendment jurisprudence with respect to juveniles[*] is articulated in three recent cases -- the 2005 decision in Roper v. Simmons, 543 U.S. 551 (2005); the 2010 decision in Graham; and the 2012 decision in Miller. In Roper, the Court held that the death penalty cannot be imposed on juvenile offenders, recognizing "the diminished culpability of juveniles" "by reason of [their] youth and immaturity." Roper, 543 U.S. at 571. In Graham, the Court held that juveniles who committed nonhomicide offenses may not be sentenced to life without parole. Graham, 560 U.S. at 74-75. That holding left open the possibility that a juvenile who committed a homicide could still be given a life-without-parole sentence. That possibility, however, was narrowed by Miller, which held that a juvenile who committed homicide cannot be sentenced to a

---

[*] While the parties dispute whether Vassell was a juvenile based on the fact that his conspiracy offense straddled his 18th birthday, we assume for purposes of our discussion, but without deciding the question, that he was a juvenile.

7

mandatory life-without-parole sentence. Miller, 132 S. Ct. at 2467. The Miller holding still leaves open the possibility that a juvenile who committed homicide can be sentenced to life without parole so long as the sentence is not mandatory but is imposed through an individualized procedure. Id. at 2469, 2471.

Vassell did not commit homicide, but he did receive a mandatory sentence of life without parole. He claims that he should at least have received an individualized life sentence -- not a mandatory one -- for his nonhomicide crime, grounding his argument on Miller. But the rule governing his claim first became available to him with the 2010 decision in Graham. Graham prohibited imposing any sentence of life without parole -- mandatory or individualized -- for juveniles convicted of committing nonhomicide offenses, and the rule thus became applicable regardless of the procedure used for imposing the sentence. Miller did not add to this right for juveniles who committed nonhomicide crimes. To be sure, the Miller Court in several places phrased its holding broadly to cover mandatory life-without-parole sentences for all juvenile offenders. See, e.g., Miller, 132 S. Ct. at 2460. But the Court elsewhere made clear that it was retaining the distinction Graham had drawn "between homicide and nonhomicide offenses." Id. at 2466 n.6. Indeed, when it compared the rule it was adopting to the one previously recognized in Graham, the Miller Court explained that

"Graham established one rule (a flat ban) for nonhomicide offenses, while we set out a different one (individualized sentencing) for homicide offenses." Id. (emphasis added). Thus, when Miller stated that no juvenile may receive a mandatory life-without-parole sentence, it was stating the rule established by Graham for nonhomicide offenses and a new rule for homicides.

In short, regardless of how Vassell argues his claim, he cannot justify further exploration of it by a district court. The proposition remains fixed as a matter of law that he could have made his claim based on the rule in Graham, which became available to him two years earlier. Miller simply does no work for a nonhomicide offender such as Vassell, and it therefore cannot serve to restart the 1-year limitation period that applies to Vassell's proposed claim.

III

In response to the government's argument that Vassell's proposed § 2255 motion would be barred by the 1-year limitation period in § 2255(f)(3), Vassell argues that any consideration of the statute of limitations is premature at this stage when we are applying only the standard applicable for authorizing a successive § 2255 motion. He relies, in this regard, on In re McDonald, 514 F.3d 539, 543 (6th Cir. 2008), which held that §

9

2244(b) does not allow consideration of the statute of limitations during the authorization stage.

It is true that in considering a § 2255(h) request for authorization, we are not considering the merits of Vassell's proposed § 2255 motion. See In re Williams, 330 F.3d 277, 281-82 (4th Cir. 2003). We are asked only to determine the preliminary question of whether he can pursue a successive § 2255 motion, and that question is determined by application of a specified, limited procedure. But nothing in that procedure requires us to authorize a successive § 2255 motion that is plainly barred as a matter of law.

Section 2255(h) requires a court of appeals considering whether to authorize a second or successive § 2255 motion to follow the gatekeeping procedure "provided in section 2244." 28 U.S.C. § 2255(h). Section 2244, in turn, states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). Addressing the standard to be applied, the statute provides that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing" that it satisfies the requirements of § 2244(b), namely, as

10

applicable here, that it presents a claim that "relies on a [qualifying] new rule of constitutional law." Id. § 2244(b)(3)(C), (b)(2)(A) (emphasis added). Thus, insofar as the statute specifies that an applicant seeking to file a second or successive § 2255 motion must make a prima facie showing that § 2244(b)'s requirements are satisfied, it makes such a showing necessary; but it does not provide that such a showing is sufficient for receiving prefiling authorization.

As such, while our primary consideration in reviewing a request for authorization in this kind of case is whether the applicant made the requisite prima facie showing about a new rule of constitutional law, nothing in either § 2255 or § 2244 requires us to ignore other considerations and authorize the filing of a successive § 2255 motion that, for instance, would clearly be time-barred. The statute, we conclude, simply does not require such an exercise in futility. In reaching this conclusion, we join other courts of appeals that have recognized as appropriate consideration of the timeliness of a successive petition for collateral review when deciding whether to authorize its filing. See In re Lewis, 484 F.3d 793, 795-96 (5th Cir. 2007) (per curiam); In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006) (per curiam); Johnson v. Robert, 431 F.3d 992, 993 (7th Cir. 2005) (per curiam) (concluding that "there [was] no point in authorizing [the petitioner] to file another

11

collateral attack" "[b]ecause he waited too long"). But see In re McDonald, 514 F.3d at 543; Ochoa v. Sirmons, 485 F.3d 538, 543-44 (10th Cir. 2007) (per curiam).

Our conclusion does not mean that we always should reach the question of the successive motion's timeliness at the gatekeeping stage. In many cases, the record might not be adequately developed to enable us to resolve disputed factual issues or to determine whether equitable tolling should apply. We also recognize that it would be inappropriate to deny authorization based on a finding that the successive § 2255 motion would be time-barred without "accord[ing] the parties fair notice and an opportunity to present their positions" on whether the limitation period has elapsed. Day v. McDonough, 547 U.S. 198, 210 (2006); see also McMillan v. Jarvis, 332 F.3d 244, 250 (4th Cir. 2003).

But, in this case, the government raised the statute of limitations issue in opposition to Vassell's motion for authorization to file a successive § 2255 motion, and Vassell received ample opportunity to explain why the successive § 2255 motion he seeks leave to pursue would not be time-barred. In doing so, he did not contend that the doctrine of equitable tolling applies to his case or that the application of the statute of limitations depends on a disputed issue of fact. Instead, the question of whether Vassell's § 2255 motion would

12

be time-barred turns entirely on the narrow legal issue of whether his right first became available with the decision in Graham, which we are able to resolve as a matter of law, and have so done.

In sum, because the right on which Vassell's claim relies -- that a mandatory life-without-parole sentence imposed on a juvenile who did not commit homicide violates the Eighth Amendment -- was initially recognized by the Supreme Court in Graham, not Miller, we deny his application for authorization to file a successive § 2255 motion because the motion would be untimely.

MOTION DENIED