**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 13-288

───────────

In re: JEREMIAH WELDON SLOAN,

             Movant.

───────────

On Motion for Authorization to File Successive § 2255 Motion in the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:93-cr-00028-GCM-1)

───────────

Argued:  March 19, 2014                Decided:  May 6, 2014

───────────

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Motion denied by unpublished opinion.  Judge Niemeyer wrote the opinion, in which Judge Agee and Senior Judge Hamilton joined.

───────────

**ARGUED:**  Noell Peter Tin, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Movant.  William Michael Miller, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Respondent.  **ON BRIEF:** Jacob H. Sussman, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Movant.  Anne M. Tompkins, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Jeremiah Sloan was convicted in 1994 on one count charging conspiracy to traffic in cocaine; one count charging possession of crack cocaine with the intent to distribute it; and three counts charging possession of a firearm during and in relation to a drug trafficking crime. He was given a mandatory Guidelines sentence of life imprisonment plus 45 years. We affirmed his convictions and sentence on appeal. United States v. Sloan, No. 94-5924, 1996 WL 623231 (4th Cir. Oct. 29, 1996) (per curiam).

Sloan's participation in the conspiracy began when he was 17 years old and continued until he was 20; his distribution offense was committed when he was 19; and his three firearms offenses were committed when he was 17.

Following his convictions, Sloan filed four motions to vacate pursuant to 28 U.S.C. § 2255, each of which the district court dismissed or denied. He also filed two motions for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on retroactively applicable amendments to the Sentencing Guidelines. These motions were granted, resulting in a reduction of his sentence to two 292-month concurrent terms of imprisonment for the drug trafficking convictions and three

2

consecutive terms totaling 540 months for the three firearms offenses, for a total of 832 months' imprisonment.

On June 24, 2013, Sloan filed the instant motion under 28 U.S.C. § 2255(h), seeking authorization to file a successive § 2255 motion based on the Supreme Court's decisions in Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012). In Graham, the Court held that the Eighth Amendment prohibits a sentence of life without parole for any juvenile offender (defined as one who was under the age of 18 at the time of the offense) who did not commit homicide. 560 U.S. at 74-75. Two years later, on June 25, 2012, the Court decided Miller, which extended Graham, holding that the Eighth Amendment also prohibits a mandatory sentence of life without parole for any juvenile offender who committed homicide. 132 S. Ct. at 2469. In his proposed § 2255 motion, Sloan contended that his 832-month sentence was the functional equivalent of a life-without-parole sentence and, therefore, violated the new rules of constitutional law established in Graham and Miller. After we requested briefing, Sloan narrowed the claim in his proposed § 2255 motion to rely only on the new rule recognized by the Supreme Court in Miller.

In considering Sloan's § 2255(h) motion for authorization, we assume without deciding that Sloan was a juvenile offender, as that term is used in Graham and Miller, and that his sentence

3

of 832 months' imprisonment was, in effect, a mandatory life-without-parole sentence.  Nonetheless, for the reasons given in our decision issued today in In re Tadd Vassell, No. 13-284, __ F.3d __ (4th Cir. May __, 2014), we deny Sloan's motion.  As we explained in Vassell, because Sloan challenges the constitutionality of his sentence for nonhomicide offenses based on his age at the time of those offenses, his proposed § 2255 motion necessarily relies on the right that became available to him in 2010 with the Supreme Court's decision in Graham, and not on Miller.  Because Graham was decided more than one year before Sloan filed his § 2255(h) motion, his proposed § 2255 motion would be barred by the applicable 1-year statute of limitations in 28 U.S.C. § 2255(f)(3).  We therefore decline to authorize its filing.

MOTION DENIED