**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-9566

In re:  JARIUS DAMAR PHILLIPS,

Movant.

Argued:  December 5, 2017                     Decided:  January 16, 2018

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Motion for authorization under 28 U.S.C. § 2244 to file a successive habeas petition under 28 U.S.C. § 2254 denied by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Shedd and Judge Duncan joined.

**ARGUED:** Damon Clarke Andrews, KIRKLAND & ELLIS LLP, Washington, D.C., for Movant.  Joseph Christian Obenshain, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Respondent.  **ON BRIEF:** Robert L. Littlehale, Matthew S. Brooker, James Bowden, Jr., KIRKLAND & ELLIS LLP, Washington, D.C., for Movant.   Victoria N. Pearson, Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Respondent.

NIEMEYER, Circuit Judge:

On June 24, 2016, Jarius Phillips filed a motion in this court under 28 U.S.C. § 2244(b)(3)(A), seeking authorization to file a second or successive application in the U.S. District Court for the Eastern District of Virginia for a writ of habeas corpus to challenge his 2001 sentence of four life terms plus 45 years imposed by a Virginia state court for nonhomicide crimes he committed as a juvenile. His motion contends that his sentence violates the Eighth Amendment's Cruel and Unusual Punishments Clause, as construed in: *Graham v. Florida*, 560 U.S. 48, 75 (2010) (holding that, under the Eighth Amendment, juvenile offenders convicted of *nonhomicide* crimes may not be sentenced to life in prison without parole and that such offenders must be given "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"); *Miller v. Alabama*, 567 U.S. 460, 476, 483 (2012) (holding that, under the Eighth Amendment, juvenile *homicide* offenders may not receive "*mandatory* life-without-parole sentences" and that, before sentencing such offenders to life without parole, the sentencing court must consider their "youth and attendant characteristics" (emphasis added)); and *LeBlanc v. Mathena*, No. 2:12-cv-340, 2015 WL 4042175 (E.D. Va. July 1, 2015) (granting habeas relief to a Virginia juvenile nonhomicide offender serving two life terms with the possibility of "geriatric release" at the age of 60 after concluding that Virginia courts had unreasonably applied *Graham*).

After we affirmed the decision in *LeBlanc*, *see* 841 F.3d 256 (4th Cir. 2016), we appointed counsel to represent Phillips on his motion in this case. After doing so, however, the Supreme Court reversed our decision in *LeBlanc*. *See Virginia v. LeBlanc*,

2

137 S. Ct. 1726, 1729 (2017) (per curiam) (holding that "it was not objectively unreasonable for the state court to conclude that, because [Virginia's] geriatric release program employed normal parole factors, it satisfied *Graham*'s requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole").

We now deny Phillips's motion because the claim that he seeks to present to the district court was raised in his first federal application for a writ of habeas corpus, and therefore Phillips has not made a "prima facie showing" that his successive habeas application would allege a claim that was not "presented in a prior application," as the statute requires. 28 U.S.C. § 2244(b)(3)(C); *id*. § 2244(b)(1).

I

In January 2001, a jury impaneled in the Circuit Court for the City of Newport News, Virginia, convicted Phillips of two counts of abduction with intent to defile, in violation of Va. Code Ann. § 18.2-48; one count of rape, in violation of § 18.2-61(A)(i); one count of object sexual penetration, in violation of § 18.2-67.2(A)(1); one count of malicious wounding, in violation of § 18.2-51; and one count of robbery, in violation of § 18.2-58. Phillips committed these crimes on March 4, 2000, when he was 17 years old.

After considering a presentence report and Virginia's discretionary sentencing guidelines, the trial court sentenced Phillips to four terms of life imprisonment on the convictions for abduction with intent to defile, rape, and object sexual penetration, plus 20 years' imprisonment for the malicious wounding conviction and 25 years'

3

imprisonment for the robbery conviction. While Virginia had abolished traditional parole for felony offenders, *see* Va. Code Ann. § 53.1-165.1, Phillips was nonetheless subject to Virginia's "geriatric release" program, which "allows older inmates to receive conditional release under some circumstances," *LeBlanc*, 137 S. Ct. at 1727 (citing Va. Code Ann. § 53.1-40.01).

Phillips appealed the judgments to the Court of Appeals of Virginia, which denied his appeal by orders dated November 21, 2001, and February 5, 2002. The Supreme Court of Virginia refused his further appeal on May 31, 2002, and denied his petition for rehearing on July 30, 2002. Phillips filed a state habeas petition in the trial court on September 12, 2003, which the court dismissed on November 10, 2003, as time-barred, and the same court denied his motion for reconsideration on December 17, 2003. The Virginia Supreme Court dismissed his petition for appeal on July 1, 2004, as untimely.

Nearly 10 years later, on June 7, 2013, Phillips, acting *pro se*, filed an application for a writ of habeas corpus in the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 2254, claiming that he had been sentenced to life without parole for crimes he had committed as a juvenile, in violation of the Eighth Amendment, and seeking an order requiring the Newport News Circuit Court to resentence him. He divided his Eighth Amendment claim, advancing two separate grounds for review. In "Ground One," he alleged that his sentence was unconstitutional because he "was a juvenile convicted of a non-homicidal offense and given multiple life sentences without the possibility of parole," and for support, he cited and quoted at length from the Supreme Court's 2010 decision in *Graham v. Florida*. In "Ground Two," he alleged,

4

"Life in prison without possibility of parole sentence for juveniles violates [the] Eighth Amendment," and for support, he cited and quoted at length from the Supreme Court's 2012 decision in *Miller v. Alabama*. In concluding, Phillips argued that his application was timely under 28 U.S.C. § 2244(d) due to the Supreme Court's decisions "in 2010 and again [in] 2012," "prohibiting life without possibility of parole to juvenile offenders."

Several months after filing his application, Phillips filed a motion for summary judgment in which he succinctly repeated his argument that, because he "was a juvenile when convicted of non-homicidal offenses and given (4) life terms plus 45 years," his sentence was "in clear violation of the United States Constitutional ban on cruel and unusual punishment as set forth in *Graham* and *Miller*." (Citations omitted).

The Director of the Virginia Department of Corrections filed a motion to dismiss Phillips's habeas application, contending that his Eighth Amendment claim was untimely under 28 U.S.C. § 2244(d)(1)(C), since, *inter alia*, Phillips had filed his habeas application more than one year after the Supreme Court decided *Graham*. The Director also filed an opposition to Phillips's motion for summary judgment, arguing on the merits that Phillips's life sentences did not violate the rule in *Graham* because Phillips would be eligible for parole under Virginia's geriatric release program. In support, the Director cited the Virginia Supreme Court's decision in *Angel v. Commonwealth*, 704 S.E.2d 386, 402 (Va. 2010) (holding that Virginia's geriatric release program provided juvenile nonhomicide offenders serving life sentences with a meaningful opportunity for release based on demonstrated maturity and rehabilitation, as required by *Graham*).

5

A magistrate judge recommended that the district court grant the Director's motion to dismiss Phillips's habeas application on the ground that the application was time-barred under § 2244(d)(1) and Phillips did not qualify for equitable tolling of the time limitation. By order dated May 21, 2014, the district court adopted the magistrate judge's report and recommendation, dismissed Phillips's habeas application with prejudice, and declined to issue a certificate of appealability. On Phillips's appeal, we too denied a certificate of appealability and dismissed his appeal in an unpublished per curiam order dated October 24, 2014.

Nearly a year later, on October 15, 2015, Phillips filed a second application in the Eastern District of Virginia for a writ of habeas corpus under § 2254, again challenging the constitutionality of his life sentences for nonhomicide crimes he committed as a juvenile and this time relying on the July 1, 2015 decision of the district court in *LeBlanc*, which granted habeas relief to another Virginia juvenile nonhomicide offender sentenced to life imprisonment. In *LeBlanc*, the district court concluded that Virginia courts had unreasonably applied *Graham* in holding that the Commonwealth's geriatric release program provided juvenile nonhomicide offenders serving life sentences with the necessary meaningful opportunity for release. By order dated May 20, 2016, the district court in this case dismissed Phillip's application without prejudice because Phillips had failed to obtain a prefiling authorization from this court, as required by 28 U.S.C. § 2244(b)(3) for a second or successive habeas application.

Phillips accordingly filed the current motion in this court on June 24, 2016, for an order authorizing the district court to consider his second or successive habeas

6

application.  The motion alleges that Phillips's life sentences for juvenile nonhomicide offenses were unconstitutional as cruel and unusual punishments under *Graham*, *Miller*, and the district court's decision in *LeBlanc*.

We placed Phillips's motion in abeyance by order dated July 18, 2016, pending our review of the district court's decision in *LeBlanc*.  After we affirmed the grant of habeas relief in *LeBlanc*, we appointed counsel to represent Phillips in this proceeding.  After counsel's appointment, but before any briefs were filed, the Supreme Court reversed our decision in *LeBlanc*, holding that, under 28 U.S.C. § 2254(d)(1), "it was not objectively unreasonable for the state court to conclude that, because the geriatric release program employed normal parole factors, it satisfied *Graham*'s requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole."  *LeBlanc*, 137 S. Ct. at 1729.  We now address Phillips's motion.

II

Before a person in state custody may file a second or successive habeas application in a federal district court, he must obtain authorization from "the appropriate court of appeals" by filing a motion "for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The court of appeals may grant such a motion "only if it determines that the application makes a prima facie showing that [it] satisfies the requirements of [§ 2244(b)]."  *Id*. § 2244(b)(3)(C).  As relevant here, the application must thus make a prima facie showing:  (1) that the second or successive application presents a claim that was not "presented in a prior application," *id*.

7

§ 2244(b)(1); and (2) that such "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id*. § 2244(b)(2)(A).

The term "prima facie showing" means that it must at least "appear[] *reasonably likely*" that the second or successive application satisfies the § 2244(b) requirements so as to "warrant a fuller exploration by the district court" as to whether they are *actually* satisfied. *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (emphasis added) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)); *see also* 28 U.S.C. § 2244(b)(4) (providing that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of [§ 2244]"). Moreover, because § 2244 provides that a "court of appeals *may authorize* the filing of a second or successive application *only if* it determines" that the applicant has made a prima face showing as to § 2244(b)'s requirements, 28 U.S.C. § 2244(b)(3)(C) (emphasis added), we have concluded that while the prima facie showing is a *necessary condition* to receiving prefiling authorization, the statute does not *limit* this court to considering *only* this necessary condition. *See In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014) ("[W]hile our primary consideration in reviewing a request for authorization in this kind of case is whether the applicant made the requisite prima facie showing," nothing in "§ 2244 requires us to ignore other considerations and authorize the filing of a successive [habeas application] that, for instance, would clearly be time-barred").

Turning to the motion now before us, Phillips originally sought authorization to file a second or successive habeas application challenging the constitutionality of his sentences under *Graham* and *Miller*, as well as under the district court's now reversed decision in *LeBlanc*. With the benefit of counsel, however, Phillips has clarified his position to assert that he "is relying on only *Miller* for purposes of this proceeding." In doing so, he contends that he is eligible for prefiling authorization under § 2244(b)(3)(C) because he has made at least a prima facie showing (1) that his second or successive habeas application would present a claim that "relies on" *Miller*; (2) that *Miller* established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; and (3) that *Miller* was "previously unavailable" to him in 2013 when he filed his first federal habeas application because *Miller* was only "made retroactive to cases on collateral review by the Supreme Court" in its 2016 decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016). He argues further, for essentially the same reason, that when he filed his previous habeas application, he was legally incapable of "presenting" a *Miller* claim, as the term "present" is used in § 2244(b)(1), because *Miller* had not then become retroactive. According to him, his second application thereby now satisfies the requirements of both § 2244(b)(1) and (b)(2)(A).

As already noted, to obtain authorization to file a second or successive application, Phillips must first make a prima facie showing that his proposed application would present a claim that was not presented in a prior application. 28 U.S.C. § 2244(b)(3)(C); *id.* § 2244(b)(1) (providing in full, "A claim presented in a second or successive habeas

9

corpus application under section 2254 that was presented in a prior application shall be dismissed"). Phillips, however, has failed to make such a showing.

In his 2013 application, Phillips relied extensively on *Miller* to attempt to obtain habeas relief. In the second of the two grounds that he advanced for relief in that application, he stated:

> GROUND TWO: Life in prison without possibility of parole sentence for juveniles violates Eighth Amendment[.] *Miller v. Alabama*[,] Nos[.] 10-9646, 10-9647[,] Argued March 20, 2012[,] Decided June 25, 2012[.] Decision of the United States Supreme Court, held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment (*See* Atth[.] B[)].
>
>                \*       \*       \*
>
> Atth[.] B[.] *Miller v Alabama*
>
> Ground Two cont'd. [*Miller*] [s]tates "Mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment prohibition on cruel and unusual punishment[.]"
>
> Also sentencing and punishment under Constitutional Amendment VIII states that "the Eighth Amendment prohibits a sentence of life without the possibility of parole for a child who committed a nonhomicide offense[.]"
>
> Again, [i]mposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children.
>
> Again [t]he characteristics of youth, and the way they weaken rationales for punishment[,] can render a life-without-parole sentence disproportionate punishment for a juvenile.
>
> The U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.["]

10

In his current motion, Phillips seeks leave to file a successive habeas application to present again a claim based on *Miller*, and therefore we must deny his motion for authorization. *See Williams*, 330 F.3d at 282 (noting that "claims recycled from [the applicant's] previous § 2254 application . . . may not form the basis for the granting of pre-filing authorization because review is barred under § 2244(b)(1)").

Phillips concedes that he "raised in his initial postconviction proceeding the *Miller* claim he now seeks to advance in his second proceeding." But he argues nonetheless that he should be deemed as having not previously "presented" his *Miller* claim within the meaning of § 2244(b)(1) because, at the time of his 2013 application, *Miller* had not been made retroactively applicable to cases on collateral review. To make this argument, he relies on language in *In re Vial*, 115 F.3d 1192 (4th Cir. 1997) (en banc), which stated that "a new rule of constitutional law is not available to individuals seeking to file second or successive motions for postconviction relief until the Supreme Court declares the applicability of that particular rule to collateral proceedings," *id*. at 1196. According to Phillips, it follows from *Vial* that because it was unclear whether *Miller* would apply retroactively to cases on collateral review when he filed his first federal habeas application in June 2013, a *Miller* claim was not then "available" to him, and therefore he was legally incapable of "presenting" such a claim at that time. He contends that, by including a *Miller* claim in his 2013 application, he was merely "putting down a marker" within one year of the date *Miller* was decided to ensure that, should the Supreme Court later make *Miller* retroactive (as it has now done), his later filed *Miller* claim would be timely under § 2244(d)(1)(C) and thereby could be resurrected in a second or successive

11

habeas application — even though his first habeas application was dismissed with prejudice. "Otherwise," he argues, "applicants like [him] would confront Scylla and Charybdis" when filing a habeas application based on the Supreme Court's recognition of a new rule of constitutional law, suggesting that he was unacceptably given lose-lose alternatives.*

There are several problems with Phillips's argument. First, the language of our opinion in *Vial*, on which he relies, was addressing the limited issue — later conclusively settled by the Supreme Court in *Tyler v. Cain*, 533 U.S. 656 (2001) — of how to determine when a new rule of constitutional law has been "made retroactive to cases on collateral review *by the Supreme Court*." 28 U.S.C. § 2255(h)(2) (emphasis added); *see also id*. § 2244(b)(2)(A) (same). At issue, specifically, was whether the Supreme Court must "declare[] the collateral availability of the rule in question" or whether "Supreme Court precedent [can] establish[] that the new rule is of the type available to those proceeding on collateral review." *Vial*, 115 F.3d at 1196–97. We concluded that "the plain language" of the statute established that, "in order to be available to an individual pursuing a second or successive § 2255 motion, a new rule of constitutional law must itself be declared applicable to cases on collateral review by the Supreme Court." *Id*. at

---

* As described in Homer's *Odyssey*, Book XII, Odysseus, on returning from Troy by ship, was confronted with a narrow strait, which was impossible to navigate without harm. On one side Scylla, a six-headed sea monster, would snatch six sailors from the ship, one for each head, and on the other side, Charybdis, a whirlpool, would suck the ship into its water funnel and destroy it. There was no safe lane between the two. Odysseus engaged Scylla and thus lost six sailors.

1196.  Thus, our opinion in *Vial* did not purport to answer any question as to when a claim based on a new rule of constitutional law is "presented" in a habeas application within the meaning of § 2244(b)(1).  And any statement in *Vial* suggesting that a claim based on a new rule of constitutional law does not become *legally available* until the new rule has been made retroactive to cases on collateral review was dictum at best.  More importantly, even such dictum has been undermined by the Supreme Court's subsequent decision in *Dodd v. United States*, 545 U.S. 353 (2005).

In *Dodd*, the Court addressed the question of when the 1-year limitation period that applies to a prisoner's federal postconviction proceeding begins to run, particularly when the prisoner's claim is based on the Supreme Court's new recognition of a federal right.  Specifically, with respect to a federal prisoner's collateral challenge to the final judgment in his criminal case, 28 U.S.C. § 2255(f) provides that "[t]he limitation period shall run from the latest of" several events, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3); *cf. id*. § 2244(d)(1)(C) (using nearly identical language to provide that the 1-year limitation period that applies to a state prisoner's habeas application begins to "run from the latest of" various possible dates, one of which is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

13

The *Dodd* Court rejected the federal prisoner's argument that, under § 2255(f)(3), "the limitation period runs from the date on which the right asserted *was made retroactively applicable*." 546 U.S. at 357 (emphasis added). Instead, it held that the statute's text "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id*. (quoting § 2255(f)(3)). Thus, giving the statue's text its "only natural reading," the Court concluded that when it "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [its] decision within which to file his § 2255 motion," although he "may take advantage of [that] date . . . only if" "the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Id*. at 358–59 (quoting § 2255(f)(3)).

Critically, the *Dodd* Court expressly recognized and rejected the Scylla-and-Charybdis problem identified by Phillips, acknowledging that by giving the statutory text its plain meaning, there was a "potential for harsh results in some cases," particularly with respect to federal prisoners who have previously filed a § 2255 motion. 545 U.S. at 359. Indeed, the Court explicitly noted that, "because of the interplay between" § 2255(f)(3) and (h)(2), "an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law *will be time barred except in the rare case* in which this Court announces a new rule of constitutional law and makes it retroactive within one year." *Id*. (emphasis added). But this "potential for harsh results,"

14

the Court concluded, did not give it license "to rewrite the statute that Congress has enacted." *Id*.

We conclude that *Dodd*'s reasoning is controlling here. Distilled to its essence, Phillips's argument is that, based on the operation of the statute of limitations in § 2244(d)(1)(C), we should ignore the plain text of § 2244(b)(1) and hold that although he *raised* a claim based on *Miller* in his 2013 habeas application, the claim was nonetheless *not* "*presented*" then because *Miller*'s new rule had not yet been made retroactively applicable to cases on collateral review. But, as *Dodd* so clearly instructs, "we are not free to rewrite the statute that Congress has enacted" to avoid what would admittedly be "harsh results in some cases." 545 U.S. at 359. Phillips fully presented his *Miller* claim in 2013 and now proposes to file a second or successive application to present the same claim. Subsections 2244(b)(1) and 2244(b)(3)(C) forbid this.

Because Phillips has failed to make the necessary prima facie showing that his successive habeas application would present a claim that was not "presented" in his first, his motion for leave to file a successive application must be denied. We therefore need not address the separate issues of whether he made a prima facie showing that his proposed claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or whether his motion should otherwise be denied because his successive application would be untimely under § 2244(d), *see Vassell*, 751 F.3d at 268–72.

MOTION DENIED

15