FILED
United States Court of Appeals
Tenth Circuit

December 3, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ERIC LEE PROCTOR,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 21-6033
(D.C. No. 5:19-CV-00837-PRW)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Eric Lee Proctor is an Oklahoma prisoner who represents himself.[1]  He seeks to

appeal the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as

untimely.  To appeal the judgment, he needs a certificate of appealability.  *See* 28 U.S.C.

§ 2253(c)(1)(A).  We deny a certificate of appealability and dismiss this matter because

reasonable jurists could not debate whether the district court's dismissal is correct.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Proctor's pro se filings liberally, without going so far that we take on the role of his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  Background

In 1994, Mr. Proctor was convicted of three counts of forcible sodomy and one count of first-degree rape, crimes that occurred when he was 16 years old.  His prison sentence totals 310 years—20 years on each sodomy count and 250 years on the rape count, to be served consecutively.

In 2019, Mr. Proctor filed his federal habeas petition, claiming his sentence violates the Eighth Amendment under *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012).  The Supreme Court in *Graham v. Florida* held that the Eighth Amendment categorically forbids sentencing "a juvenile offender who did not commit homicide . . . [to] life without parole."  560 U.S. at 74.[2]  Two years later, in *Miller v. Alabama*, the Court extended *Graham* to hold that even when the offense is homicide, "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  567 U.S. at 479.

Federal habeas petitions have a one-year limitations period.  28 U.S.C. § 2244(d)(1).  That one-year period runs from the latest of four dates.  *Id.*  Here, the relevant date is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2244(d)(1)(C).  A magistrate judge concluded that the one-year period for Mr. Proctor to file his petition

---

[2] *Graham* applies to "*any* sentence that would deny a juvenile nonhomicide offender a realistic opportunity to obtain release, regardless of the label a state places on that sentence."  *Budder v. Addison*, 851 F.3d 1047, 1053 n.4 (10th Cir. 2017).

began when the Supreme Court decided *Graham* in 2010, many years before Mr. Proctor

filed his petition in 2019. And although the limitations period is tolled while a properly

filed application for state post-conviction relief is pending, *see* § 2244(d)(2), this tolling

provision did not apply, the magistrate judge concluded, because Mr. Proctor failed to

present his claim in state court until 2017, when the federal limitations period had already

expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state

petitions for post-conviction relief filed within the one year allowed by [the federal

limitations period] will toll the statute of limitations."). For these reasons, the magistrate

judge recommended dismissing Mr. Proctor's petition as untimely. The district court

adopted the recommendation, agreeing that the petition is untimely, and rejecting

Mr. Proctor's claim to equitable tolling and his claim to an equitable exception to the

limitations period based on his actual innocence.

## II.  Discussion

We may issue a certificate of appealability "only if the applicant has made a

substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard

requires a petitioner to "show that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Miller-El*

*v. Cockrell*, 537 U.S. 322, 336 (2003) (brackets and internal quotation marks omitted).

When a district court denies a habeas petition on procedural grounds, however, the

petitioner must show that reasonable jurists could debate not only whether the petition

states a valid constitutional claim but also whether the district court's procedural ruling is

correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, we focus on the district court's procedural ruling that Mr. Proctor's petition is untimely.

Mr. Proctor argues that the district court erred by concluding that the one-year period for him to file his petition started when the Supreme Court decided *Graham*.  In his view, the district court should have recognized that *Miller* applies to him.  But Mr. Proctor's petition challenges his sentence for crimes that are not homicide.  That challenge depends on *Graham*, not *Miller*.  *See In re Vassell*, 751 F.3d 267, 270 (4th Cir. 2014) ("*Miller* simply does no work for a nonhomicide offender . . . .").[3]  Besides, even if Mr. Proctor asserted a right initially recognized in *Miller*, his petition would still be untimely because *Miller* was decided in 2012, several years before he presented his claim in state court.

From the premise that *Miller* applies to him, Mr. Proctor concludes that his petition is timely because the limitations period did not begin to run until the Supreme Court decided *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016), holding that *Miller* applies retroactively on collateral review.  Even if his premise were correct, it still would not support his conclusion:  the limitations period runs from the date the Supreme Court initially recognized the right asserted, not the date the right was made retroactively applicable.  *See Dodd v. United States*, 545 U.S. 353, 356–58 (2005) (interpreting what is

---

[3] Mr. Proctor claims Kuntrell Jackson, the offender in *Miller*'s companion case, "was a non-homicide offender."  Appl. for Certificate of Appealability at 5.  But *Miller*'s opening line says otherwise:  "The two 14-year-old offenders in these cases were convicted of murder and sentenced to life imprisonment without the possibility of parole."  567 U.S. at 465.

now 28 U.S.C. § 2255(f)(3), a provision containing language nearly identical to that in § 2244(d)(1)(C)); *Johnson v. Robert*, 431 F.3d 992, 992–93 (7th Cir. 2005) (per curiam) ("*Dodd* is equally applicable to § 2244(d)(1)(C) . . . .").

Mr. Proctor sought equitable tolling under the theory that applying *Dodd* to dismiss his petition as untimely violates the Suspension Clause by making "the habeas remedy inadequate or ineffective to test the legality of [his] detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (internal quotation marks omitted).[4] This theory seems to flow from Mr. Proctor's belief that he could not present a claim under *Graham* or *Miller* until the Supreme Court decided *Montgomery*. That belief is mistaken. The retroactivity of a rule asserted in an initial habeas petition (such as Mr. Proctor's) need not have been decided by the Supreme Court. *See United States v. Chang Hong*, 671 F.3d 1147, 1156 n.10 (10th Cir. 2011) (discussing § 2255(f)(3)). Mr. Proctor had an adequate mechanism to test the legality of his detention, but he did not use it before it expired.

Mr. Proctor also contends the district court did not address his Suspension Clause argument. Although the district court's order states that it had considered all of Mr. Proctor's arguments supporting his objections to the magistrate judge's

---

[4] Mr. Proctor also sought equitable tolling of 14 days because he thought his attorney would file his federal habeas petition the same day the Oklahoma Court of Criminal Appeals affirmed the denial of his state application for post-conviction relief. Mr. Proctor asserted that, when he learned his attorney was not going to file his federal habeas petition, he promptly filed it pro se. The district court concluded that tolling of 14 days would not save Mr. Proctor's petition because it was late by several years. Mr. Proctor does not pursue his claim to tolling of 14 days in his application for a certificate of appealability.

recommendation, the order does not expressly address Mr. Proctor's Suspension Clause argument. But the failure to address that argument does not alone warrant a certificate of appealability. After all, we may deny a certificate of appealability for any reason that the record supports, even if the district court did not rely on that reason. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). And for the reason we just set out, reasonable jurists could not debate whether Mr. Proctor's Suspension Clause argument has merit.

Aside from claiming his petition is timely, Mr. Proctor argues that he can avoid the statute of limitations because he is actually innocent. The actual-innocence exception applies if, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (internal quotation marks omitted). Mr. Proctor submitted affidavits purportedly written by the victims in his case. The most exculpatory parts of the affidavits assert that Mr. Proctor is not guilty because some unspecified testimony was "tainted by the prosecutor." R. at 46. The affidavits fall short of showing his innocence, as the district court correctly determined.

Mr. Proctor faults the district court for failing to consider his trial lawyer's ineffective assistance "as proof of his actual innocence." R. at 32. To be sure, the Sixth Amendment provides criminal defendants the right to effective assistance of counsel. *Meadows v. Lind*, 996 F.3d 1067, 1074 (10th Cir. 2021). But "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,

6

623 (1998). However poorly his lawyer performed at trial, that performance itself is not evidence of Mr. Proctor's factual innocence.

### III.  Conclusion

The district court's decision to dismiss Mr. Proctor's petition as untimely is not debatable. We deny his application for a certificate of appealability and dismiss this matter. We grant his motion to proceed without prepaying costs and fees.

Entered for the Court


Veronica S. Rossman
Circuit Judge