**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 23-6745**

————————

GARY BUTERRA WILLIAMS,

Petitioner - Appellant,

v.

CHADWICK DOTSON, Director of Virginia Department of Corrections,

Respondent - Appellee.

————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:23-cv-00235-HEH-MRC)

————————

Submitted:  January 31, 2025                    Decided:  February 12, 2025

————————

Before GREGORY, WYNN, and THACKER, Circuit Judges.

————————

Dismissed by unpublished per curiam opinion.

————————

Gary Buterra Williams, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Buterra Williams seeks to appeal the district court's orders dismissing his preauthorized, subsequent 28 U.S.C. § 2254 petition as successive and denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Williams has not made the requisite showing. Initially, 28 U.S.C. § 2244(b)(2) requires a second or subsequent habeas petition to be dismissed as successive unless the claims therein rely on newly discovered facts or a new, retroactively applicable rule of constitutional law. Although this court concluded that Williams made a prima facie showing that his proposed subsequent claim satisfied § 2244(b)(2) and thus granted him authorization to file the § 2254 petition, this court's authorization did not preclude the district court from determining whether Williams's claim "*actually* satisfied" § 2244(b)(2). *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018); *see also* 28 U.S.C. § 2244(b)(4).

2

Here, the district court concluded that the claim in Williams's subsequent § 2254 petition did not satisfy § 2244(b)(2), and that conclusion is not debatable.[*]  First, Williams's claim did not rely on newly discovered facts.  *See* 28 U.S.C. § 2244(b)(2)(B)(i). Second, while Williams purported to premise his claim on a new, retroactively applicable rule of constitutional law, the Supreme Court decision on which he relied did not announce a new substantive rule.  *See Edwards v. Vannoy*, 593 U.S. 255, 276 (2021) (defining substantive rules and noting that only substantive rules apply retroactively on federal collateral review); 28 U.S.C. § 2244(b)(2)(A) (permitting consideration of subsequent habeas petition premised on new constitutional rule only when rule has been "made retroactive to cases on collateral review by the Supreme Court").

Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] In his informal brief, Williams argues that the district court judge should have recused himself from the § 2254 proceedings.  We conclude that the district judge did not plainly err by declining to sua sponte recuse himself.  *See United States v. Beltran-Leon*, 9 F.4th 485, 499 (7th Cir. 2021) (reviewing for plain error recusal claim raised for first time on appeal); *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011) (discussing grounds for recusal).